IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

JOHN GRIER, )
                                )
    Plaintiff, )
                                )
VS. )          No. 13-2739-JDT-cgc
                                )
TERRY REED, et al., )
                                )
    Defendants. )

ORDER GRANTING MOTION TO AMEND COMPLAINT
(ECF No. 4)
ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL
(ECF Nos. 5 & 6)
ORDER DENYING MOTION FOR SUMMARY JUDGMENT
(ECF No. 7)
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On September 24, 2013, Plaintiff John Grier, booking number 11145941, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  In an order issued on September 24, 2013, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (D.E. 3.)  On October 18, 2013, Plaintiff filed a motion seeking to amend his complaint to add additional defendants.  (ECF No. 4.)  The motion is GRANTED.

The Clerk shall record the defendants as the State of Tennessee,[1] TBI Agent Terry

Reed, TBI Agent Roger Turner, Shelby County,[2] Shelby County District Attorney General

Amy Weirich, Assistant District Attorney William Bright, Special Prosecutor Kirby May,

and Public Defender Michele Lynn.

On November 15 and December 17, 2013, Plaintiff filed motions seeking the

appointment of counsel.  (ECF Nos. 5 & 6.)  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court

may request an attorney to represent any person unable to afford counsel."  However, "[t]he

appointment of counsel in a civil proceeding is not a constitutional right."  Lanier v. Bryant,

332 F.3d 999, 1006 (6th Cir. 2003); *see also* Shepherd v. Wellman, 313 F.3d 963, 970 (6th

Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a

civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional

right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There

is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").

Appointment of counsel is "a privilege that is justified only by exceptional circumstances."

Lavado, 992 F.2d at 606 (internal quotation marks & citation omitted). "In determining

whether 'exceptional circumstances' exist, courts have examined the type of case and the

_____

[1]Plaintiff named the Tennessee Bureau of Investigation ("TBI") Medicaid Fraud Control Unit and TennCare as defendants.  Governmental departments, divisions, and buildings are not suable entities. The Court construes those claims against the State of Tennessee. *See generally* Hafer v. Melo, 502 U.S. 21, 25 (1991).

[2]Plaintiff names the Shelby County Public Defender's Office as a Defendant.  Governmental departments, divisions, and buildings are not suable entities.  The Court construes those claims against the Shelby County. *See generally* Hafer, 502 U.S. at 25.

abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." Id. at 606 (internal quotation marks & citations omitted).  Appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when his chances of success are extremely slim.  Id. (citing Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985)); *see also* Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same).  Plaintiff's complaint is to be dismissed.  The motions for appointment of counsel are DENIED.

On December 20, 2013, Plaintiff filed a motion for summary judgment.  (ECF No. 7.) Plaintiff's complaint has not been served on any Defendant.   Furthermore, Plaintiff's complaint is to be dismissed.  The motion is DENIED.

The complaint alleges that Plaintiff has been falsely arrested, imprisoned, and maliciously prosecuted for TennCare fraud.  (ECF No. 1-1 at 1-2.)  Plaintiff contends that his indictment is defective.  (ECF No. 1-1 at 2.)  Plaintiff alleges that his public defender in inept and incompetent and that he is being denied the effective assistance of counsel during his pending proceedings.  (ECF No. 1-1 at 3.)  Plaintiff alleges that his right to a speedy trial has been violated.  (Id.)  Plaintiff alleges that he has been denied a personal recognizance bond.  (Id.)  The online docket for Shelby County Criminal Court reveals that Plaintiff's trial for TennCare fraud in Indictment # 11 06871 is set for May 30, 2014. (*See* http://jssi.shelbycountytn.gov.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

3

        (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79,  (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied.  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original).  "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325 [(1989)].  Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted. *See id.* at 328-29."  Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28.

Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See*, *e.g.*, id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, No. 09-

2259, 2011 WL 285251, at \*5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se*

complaint for failure to comply with "unique pleading requirements"; "[A] court cannot

'create a claim which [a plaintiff] has not spelled out in his pleading.'") (quoting Clark v.

Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original);

Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte*

dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district

court is required to create Payne's claim for her."); *cf.* Pliler v. Ford, 542 U.S. 225, 231

(2004) ("District judges have no obligation to act as counsel or paralegal to *pro se*

litigants.").

To state a claim under 42 U.S.C. § 1983,[3] a plaintiff must allege two elements: (1) a

deprivation of rights secured by the "Constitution and laws" of the United States (2)

committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398

U.S. 144, 150 (1970).

Plaintiff has named the State of Tennessee as a defendant. Absent a clear abrogation

of immunity by congressional action or an express state waiver of that immunity, the

Eleventh Amendment prohibits suits for damages against a state in federal court. Pennhurst

---

[3]Section 1983 provides:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

v. State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332, 345 (1979).   Tennessee has not waived its sovereign immunity.  Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).  All claims against the State of Tennessee must be dismissed.

Courts have uniformly held that attorneys are not state actors who can be sued under § 1983.  *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under   1983."); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968) ( private attorney who is appointed by the court does not act under color of state law);  Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam) (attorney appointed by federal court is not a federal officer who can be sued under Bivens).  Plaintiff fails to state a claim against public defender Michele Lynn.

Plaintiff has sued Shelby County.  When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992).  The second issue is dispositive of Plaintiff's claim against Shelby County.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 691 (1978) (emphasis in original); *see also* Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994).   A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92; Deaton v. Montgomery Co., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)).   "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit."   Alkire, 330 F.3d at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk Co. v. Dodson, 454 U.S. at 326 (citation omitted)).   "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986))

8

(emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, Fowler v. Campbell, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); Yeackering v. Ankrom, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); Oliver v. City of Memphis, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf.* Raub v. Correctional Med. Servs., Inc., No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); Cleary v. County of Macomb, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); Morningstar v. City of Detroit, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); Chidester v. City of Memphis, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The  allegations of the complaint fail to identify the purported official policy or custom which caused injury to Plaintiff.  Instead, it appears that Plaintiff is suing Shelby County because he is confined in a county institution.

District Attorney Weirich, Assistant District Attorney Bright, and Special Prosecutor May are absolutely immune from any monetary liability.  Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute

9

immunity.  Imbler v. Pachtman, 424 U.S. 409 (1976); Burns v. Reed, 500 U.S. 478 (1991);

Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Absolute immunity also applies to

professional evaluation of evidence assembled by the police. Buckley, 509 U.S. at 273.

Plaintiff has no claim against TBI Agents Reed and Turner.  Any claims arising from

Plaintiff's prosecution are barred by Heck v. Humphrey, in which the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is not
> cognizable under § 1983.  Thus, when a state prisoner seeks damages in a §
> 1983 suit, the district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or sentence;
> if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.  But
> if the district court determines that the plaintiff's action, even if successful, will
> not demonstrate the invalidity of any outstanding criminal judgment against
> the plaintiff, the action should be allowed to proceed, in the absence of some
> other bar to the suit.

512 U.S. 477, 486-87 (1994)(footnotes omitted). *See also* Schilling v. White, 58 F.3d 1081,

1086 (6th Cir. 1995) (same) (footnotes omitted).  Plaintiff has no cause of action under §

1983 if the claims in that action hinge on factual proof that would call into question the

validity of a state court order directing his confinement unless and until any prosecution is

terminated in his favor, his conviction is set aside, or the confinement is declared illegal.

Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086. *Cf.* Preiser v. Rodriguez, 411 U.S.

475, 500 (1973) (whenever the relief sought is release from prison, the only remedy is

through a habeas petition, not a § 1983 complaint).

Here, Heck applies to bar Plaintiff's claims arising from his criminal prosecution and conviction. Plaintiff has not yet been convicted or had his conviction overturned on direct appeal. Plaintiff must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. LaFountain v. Harry, 716 F.3d 944, 951, (6th Cir. 2013); *see also* Brown v. R.I., No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. Brown, 2013 WL 646489, at *1; Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Plaintiff has been

given an opportunity to amend his complaint.  The deficiencies in Plaintiff's complaint cannot be cured by amendment because the claims asserted are entirely lacking in merit or this Court lacks jurisdiction.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id.  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good

faith and Plaintiff may not proceed on appeal *in forma pauperis*.  Leave to proceed on appeal

*in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $505

appellate filing fee.  In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the

Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act

of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).  Therefore, Plaintiff is instructed that, if he

wishes to take advantage of the installment procedures for paying the appellate filing fee, he

must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the

second dismissal of one of his cases as frivolous or for failure to state a claim.[4]  This "strike"

shall take effect on entry of judgment.  *See* Coleman v. Tollefson, 733 F.3d 175, 177-78 (6th

Cir. 2013).

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4]*See* Grier v. Oldham, No. 13-2726-JDT-dkv (W.D. Tenn. April 23, 2014)(dismissing § 1983 complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).